UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELIA REYNOLDS<br>105 Ladderback Lane<br>Cresco, PA  18326 | : <br> : <br> : | |
| Plaintiff | : | CIVIL ACTION NO. _____ |
| | : | |
| v. | : | ASSIGNED TO JUDGE _____ |
| | : | |
| ABDALA ALI<br>2801 North Grand Street<br>Apartment 2503<br>Amarillo, TX  79107<br>-or-<br>1701 NW 46th Street<br>Apartment 228<br>Oklahoma City, OK  73118 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| ADVANCED BUSINESS<br>PROCESS, INC.<br>907 Pineridge Street<br>Upland, CA  91784 | : <br> : <br> : <br> : <br> : | |

EMPIRE CARGO SOLUTIONS, INC.          :
7364 Oxford Place                     :
Rancho Cucamonga, CA  91730           :
    -or-          :
1930 South Rochester Avenue           :
Suite 117                             :
Ontario, CA  91730                    :
                                  :
EMPIRE CARGO LOGISTICS, INC.          :
7364 Oxford Place                     :
Rancho Cucamonga, CA  91730           :
                                  :
AHAMMAD AKBAR KAHN, individually :
and d/b/a EMPIRE CARGO                 :
SOLUTIONS, INC.                       :
7364 Oxford Place                     :
Rancho Cucamonga, CA  91730           :
                                  :
AHAMMAD AKBAR KAHN, individually :
and d/b/a EMPIRE CARGO                 :
LOGISTICS, INC.                       :
7364 Oxford Place                     :
Rancho Cucamonga, CA  91730           :
                                  :
HENRY E. RIVERA a/k/a                 :
HENRY E. RIVERA ABRIL,               :
individually and d/b/a                :
VELOCITY TRANSPORTATION               :
1241 South Orange Street              :
Glendale, CA  91204                   :
                                  :
     Defendants          :   JURY TRIAL DEMANDED

## <u>COMPLAINT</u>

AND  NOW,  comes  the  Plaintiff,  Delia  Reynolds,  by  and  through  her

attorneys, Metzger, Wickersham, Knauss & Erb, P.C.,  and respectfully represent

the following:

## FACTS APPLICABLE TO ALL COUNTS

1.      Plaintiff, Delia Reynolds, is an adult individual, who resides at 105 Ladderback Lane, Cresco, Monroe County, Pennsylvania.

2.      Defendant, Abdala Ali, is an adult individual with a last known address of 2801 North Grand Street, Apartment 2503, Amarillo, Texas; or 1701 NW 46th Street, Apartment 228, Oklahoma City, Oklahoma.

3.      Defendant, Advanced Business Process, Inc., is a California corporation with an office and place of business at 907 Pineridge Street, Upland, California 91784.

4.      Defendant, Empire Cargo Solutions, Inc., is a California corporation with a last known office and place of business at 7364 Oxford Place, Rancho Cucamonga, California 91730.

5.      Defendant, Empire Cargo Logistics, Inc., is a California corporation with a last known office and place of business at 7364 Oxford Place, Rancho Cucamonga, California 91730.

6.      Defendant, Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Solutions, Inc., is an adult individual who was the owner and/or principal of Empire Cargo Solutions, Inc., a cargo company with its principal place of business located at 7364 Oxford Place, Rancho Cucamonga, California 91730.

7.     Defendant, Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Logistics, Inc., is an adult individual who was the owner and/or principal of Empire Cargo Logistics, Inc., a cargo company with its principle place of business located at 7364 Oxford Place, Rancho Cucamonga, California 91730.

8.     Defendant, Henry E. Rivera a/k/a Henry E. Rivera Abril, individually and d/b/a Velocity Transportation, is an adult individual who was the owner and/or principal of Velocity Transportation, a transportation company with its principle place of business located at 1241 South Orange Street, Glendale, California 91204.

9.     At all times herein and material hereto, Defendant, Abdala Ali was the duly authorized agent, servant, workman and/or employee of Defendant, Advanced Business Process, Inc. and/or Empire Cargo Solutions, Inc. and/or Empire Cargo Logistics, Inc. and/or Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Solutions, Inc. and/or Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Logistics, Inc. and/or Henry E. Rivera a/k/a Henry E. Rivera Abril, individually and d/b/a Velocity Transportation, acting within the course and scope of his employment, and their authority and/or for a purpose and/or for the benefit of Defendant, Advanced Business Process, Inc. and/or Empire Cargo Solutions, Inc. and/or Empire Cargo Logistics, Inc. and/or Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Solutions, Inc. and/or Ahammad Akbar Kahn, individually

and d/b/a Empire Cargo Logistics, Inc. and/or Henry E. Rivera a/k/a Henry E. Rivera Abril, individually and d/b/a Velocity Transportation.

10.    At all times relevant hereto, and at the time of the accident described herein, Defendant, Advanced Business Process, Inc., controlled and had a right to control the manner in which Defendant, Abdala Ali, performed his employment duties, including the operation of his tractor-trailer on the highway and all other aspects of his employment.

11.    This Court has jurisdiction of this action under 28 U.S.C. §1332, Diversity of Citizenship.

12.    The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states.

13.    The facts and circumstances hereinafter set forth occurred on March 6, 2015, at or about 6:26 P.M. on Route 22 eastbound, South Whitehall Township, Lehigh County, Pennsylvania.

14.    At the aforesaid time and place, Plaintiff, Delia Reynolds, was the owner and operator of a 2010 Mercedes-Benz E350 bearing Pennsylvania License Plate No. HNF3000.

15.    At the aforesaid time and place, Defendant, Abdala Ali, was the operator of a 2015 Volvo tractor-trailer bearing California License Plate No. WP39900.

16.   At the aforesaid time and place, the 2015 Volvo operated by Defendant, Abdala Ali, was owned by Defendant, Advanced Business Process, Inc.

17.   At the aforesaid time and place, a trailing unit bearing California license plate number 4NL3190 and owned by Defendant, Henry E. Rivera a/k/a Henry E. Rivera Abril, individually and d/b/a Velocity Transportation, was attached to Defendant Advanced Business Process, Inc.'s Volvo Tractor.

18.   At the aforesaid time and place, the vehicle operated by Plaintiff was traveling east, in the right-hand lane of State Route 22, in South Whitehall Township, Lehigh County, Pennsylvania, and was slowing for traffic.

19.   At the aforesaid time and place, Defendant, Abdala Ali, was also traveling east on of State Route 22, in South Whitehall Township, Lehigh County, Pennsylvania, behind the vehicle operated by Plaintiff.

20.   Defendant, Abdala Ali, failed to stop the tractor-trailer he was operating and struck the rear of the vehicle being operated by Plaintiff.

21.   As a result of the impact, Plaintiff's vehicle was pushed into the vehicle in front of her, causing a chain-reaction collision.

## COUNT I
## Delia Reynolds v. Abdala Ali

22.   Paragraphs 1 through 21 hereof are incorporated herein by reference as if fully set forth.

23.    Defendant, Abdala Ali, either individually and/or jointly and severally, owed a duty to Plaintiff, Delia Reynolds, and other lawful users of the roadways in the Commonwealth of Pennsylvania to operate the vehicle he was driving in such a way as not to cause harm or damage to the Plaintiff.

24.    The aforesaid collision was the direct and proximate result of the negligence of the Defendant, Abdala Ali, in operating the 2015 Volvo tractor-trailer in a careless and negligent manner as follows:

a.    Tailgating the vehicle in front of him;

b.    Failing to observe Plaintiff's vehicle on the roadway;

c.    Following too closely to Plaintiff's vehicle in violation of 75 Pa.C.S.A. § 3310 and applicable law;

d.    Failing to slow or stop the vehicle he was operating so as to avoid a rear-end collision;

e.    Failing to observe slowing or stopped traffic in front of him;

f.    Failing to maintain and stop the vehicle he was operating within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361 and applicable law;

g.    Failing to apply the brakes to the vehicle he was operating or take other evasive action to avoid the collision with the rear of Plaintiff's vehicle;

h.    Failing to inspect and maintain the tractor-trailer in violation of motor carrier regulations;

i.    Failing to maintain adequate control of the vehicle he was operating in order to avoid a collision;

j.  Failing to give warning to Plaintiff of his impending collision with her vehicle;

k.  Moving his vehicle when not safe to do so in violation of 75 Pa.C.S.A. §3333 and applicable law;

l.  Operating his vehicle in careless disregard for the safety of persons and/or property in violation of 75 Pa.C.S.A. §3714(A) and applicable law;

m.  Failing to keep his vehicle under proper and adequate control so as not to expose other users to an unreasonable risk of harm;

n.  Operating his vehicle too fast for the conditions existing at the aforesaid time and place in violation of 75 Pa.C.S.A. §3361 and applicable law;

o.  Failing to keep alert and maintain a proper lookout for the presence of other motor vehicles on the streets and highways;

p.  Exceeding the applicable maximum speed limit violation of 75 Pa.C.S.A. §3362 and applicable law;

q.  Operating the vehicle so as to create a dangerous situation for other vehicles on the roadway;

r.  Failing to maintain a safe following distance;

s.  Rear-ending Plaintiff's vehicle;

t.  Failing to stay alert to traffic;

u.  Failing to keep his eyes on the roadway;

v.  Otherwise operating his vehicle at an unsafe speed and in a careless and negligent manner;

w.  Failing to obey traffic control devices in violation of 75 Pa.C.S. §3111 and §3111.1 and applicable law;

x.    Driving at a speed greater than is reasonable and prudent under the conditions in violation of 75 Pa.C.S. §3361 and applicable law;

y.    Driving at an unsafe speed with regard to the actual and potential hazards then existing in violation of 75 Pa.C.S. §3361 and applicable law;

z.    Driving at a speed greater than would permit him to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S. §3361 and applicable law;

aa.   Driving at an unsafe speed when special hazards exist with respect to traffic and highway conditions in violation of 75 Pa.C.S. §3361 and applicable law;

bb.   Failing to slow or stop his vehicle due to traffic conditions;

cc.   Driving in willful or wanton disregard for the safety of persons in violation of 75 Pa.C.S. §3736 and applicable law;

dd.   Failing to have an adequate braking system in violation of 75 Pa.C.S. §4502 and applicable law;

ee.   Failing to look far enough ahead for stopped or slowing traffic;

ff.   Failing to steer away from stopped or slowing traffic;

gg.   Failing to be attentive to safely operating his vehicle;

hh.   Failing to properly scan the roadway ahead;

ii.   Operating a motor vehicle inattentively;

jj.   Operating a motor vehicle carelessly;

kk.   Operating his motor vehicle while distracted;

ll.   Operating his vehicle while using an interactive wireless communications device in violation of 75 Pa. C.S.A. §102 and §3316 and applicable law;

mm.   Texting while driving in violation of 75 Pa. C.S.A. §1621 and applicable law.

nn.   Operating his vehicle while using a handheld mobile telephone in violation of 75 Pa. C.S.A. §1622 and applicable law.

oo.   Failing to comply with commercial driver requirements in violation of 75 Pa. C.S.A. §1601 to §1620 and applicable law.

pp.   Failing to operate his vehicle with a higher standard of care as required by a commercial driver;

qq.   Operating his tractor-trailer at an unsafe speed in violation of Part 392.6 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation;

rr.   Failing to comply with the operating rules of Pennsylvania or of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in violation of 49 CFR §392.2;

ss.   Operating his tractor-trailer in an unsafe condition in violation of Part 396.7 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation;

tt.   Driving the tractor when not qualified to do so in violation of 49 CFR §391.11;

uu.   Operating his tractor-trailer while texting in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.80;

vv.   Operating his tractor-trailer while using a hand-held mobile telephone in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.82;

ww.   Failing to have an adequate brake system on the tractor-trailer in violation of 49 CFR §393.40;

xx.   Failing to properly maintain and inspect the tractor-trailer to ensure it was in safe operating condition in violation of 49 CFR §396.3 and 396.13;

yy.   Failing to properly inspect the 2015 Volvo to make sure that all parts, including the brakes, were in good working order pursuant to 49 C.F.R. 392.7 and applicable law; and

zz.   Violating equipment standards in violation of 75 Pa. C.S.A. §4107 and applicable law.

25.   As a direct and proximate result of the collision and the negligent and careless conduct of Defendant, Abdala Ali, either individually and/or jointly and severally, Plaintiff, Delia Reynolds, sustained and in the future may sustain, serious and debilitating injuries, some of which are or may be permanent, an aggravation and/or exacerbation of pre-existing conditions, and which include, but are not limited to, the following:

a.   Neck pain/injury;
b.   Back pain/injury;
c.   Radiculopathy;
d.   Head pain/injury;
e.   Headaches;
f.   Shoulder pain/injury;
g.   Weakness in shoulders;
h.   Left arm pain/injury;
i.   Numbness/tingling;
j.   Weakness in arms;
k.   Right hip pain/injury;
l.   Right knee pain/injury;
m.   Right leg pain/injury;
n.   Decreased sensation;
o.   Decreased hearing in left ear;
p.   Sleep disturbance/Insomnia;

q. Post-traumatic stress disorder;
r. Panic attacks;
s. Fatigue;
t. Dizziness;
u. Blurred vision;
v. Photophobia; and
w. Muscle spasms.

26. As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Abdala Ali, either individually and/or jointly and severally, Plaintiff, Delia Reynolds, has undergone and in the future will undergo physical pain, mental anguish, discomfort, inconvenience, distress, embarrassment and humiliation, past, present and future loss of her ability to enjoy the pleasures of life and limitations in her pursuit of daily activities for which damages are claimed.

27. As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Abdala Ali, either individually and/or jointly and severally, Plaintiff, Delia Reynolds, has and/or may in the future incur expenses for medical treatment, surgery and rehabilitation for which damages are claimed.

28. As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Abdala Ali, either individually and/or jointly and severally, Plaintiff, Delia Reynolds, has and/or may in the future incur a loss of income, a loss of future earning capacity, loss of future productivity, loss of household services, and other economic damages for which damages are claimed.

29.     As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Abdala Ali, either individually and/or jointly and severally, Plaintiff, Delia Reynolds, has sustained a permanent serious impairment which will require future medical treatment and medical appliances for which damages are claimed.

30.     As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Abdala Ali, either individually and/or jointly and severally, Plaintiff, Delia Reynolds, has and/or may in the future incur a loss of household services and other economic damages for which damages are claimed.

31.     As a direct and proximate result of the aforesaid collision and the negligence and carelessness of Defendant, Abdala Ali, either individually and/or jointly and severally, Plaintiff, Delia Reynolds, sustained incidental costs and losses to include, but not limited to, mileage and transportation costs, past and future medication costs and medical appliance costs for which all damages are claimed.

32.     As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Abdala Ali, either individually and/or jointly and severally, Plaintiff, Delia Reynolds, has been, or may in the future be, scarred, deformed and disfigured for which damages are claimed..

WHEREFORE, Plaintiff, Delia Reynolds, demands judgment in her favor and against Defendant, Abdala Ali, either individually and/or jointly and severally, for the aforesaid damage which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT II
### Delia Reynolds v. Advanced Business Process, Inc.

33.     Paragraphs 1 through 32 hereof are incorporated herein by reference as if fully set forth.

34.     At all times relevant hereto, Defendant, Abdala Ali, was an employee, servant, workman and/or agent of Defendant, Advanced Business Process, Inc., and was acting within the scope of his employment with Defendant, Advanced Business Process, Inc.   Defendant, Advanced Business Process, Inc., either individually and/or jointly and severally, is therefore vicariously liable for his acts, commissions or omissions as though it performed the acts, commissions or omissions itself and is subject to the doctrine of respondeat superior.

35.     In addition to being vicariously liable for the acts of its employee, servant, workman and/or agent, Defendant, Advanced Business Process, Inc., either individually and/or jointly and severally, was also negligent and careless as follows:

a.   Failing to properly train its employees, servants, workmen and/or agents in the operation of its vehicles;

b.   Failing to provide its employees, servants, workmen and/or agents with proper directions before allowing them to operate its vehicles;

c.   Failing to ensure that its employees, servants, workmen and/or agents are familiar with the roadways and route of travel before allowing them to operate its vehicles;

d.   Failing to properly supervise or control its employees, servants, workmen and/or agents while they are operating its vehicles;

e.   Hiring and/or retaining employees, servants, workmen and/or agents who may be unfit or incompetent to operate its vehicles;

f.   Failing to have in place proper procedures, rules, regulations, protocols or safety measures to ensure that other motorists are not endangered by the operation of its vehicles by its employees, servants, workmen and/or agents;

g.   Sending out its employee, servant, workman and/or agent for an errand or job without proper instructions, directions and guidance;

h.   Failing to take proper precautions to protect Plaintiff and other lawful users of the roadway from the negligent and careless actions of its employees, servants, workmen and/or agents;

i.   Allowing an employee, servant, workman and/or agent who is incompetent to safely drive its vehicle, due to lack of training, licensing and/or prior unsafe driving;

j.   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while texting in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.80;

k.   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a hand-held mobile telephone in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.82;

l.   Allowing an employee, servant, workman and/or agent to text while driving in violation of 75 Pa. C.S.A. §1621 and applicable law;

m.   Failing to enforce its employee manuals and/or training procedures;

n.   Failing to enforce both the written and unwritten policies of Advanced Business Process, Inc.;

o.   Failing to ensure that its employees, servants, workmen, agents and/or contractors were aware of and complied with the written and unwritten policies of Advanced Business Process, Inc.;

p.   Failing to ensure that its management personnel and drivers were aware of the requirements and the dictates of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

q.   Failing to ensure that its employees, servants, workmen, agents and/or contractors complied with the provisions of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

r.   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a handheld mobile telephone in violation of 75 Pa. C.S.A. §1622 and applicable law;

s.   Failing to use a high degree of care as a commercial carrier in the operation of its vehicle;

t.   Failing to have an adequate brake system on the tractor-trailer in violation of 49 CFR §393.40;

u.   Violating equipment standards in violation of 75 Pa. C.S.A. §4107 and applicable law; and

v.   Failing to properly maintain and inspect the tractor-trailer to ensure it was in safe operating condition in violation of 49 CFR §396.3 and §396.13.

36.   As a result of the aforesaid negligence and carelessness of Defendant, Advanced Business Process, Inc., either individually and/or jointly and severally, Plaintiff, Delia Reynolds, sustained the aforesaid damages.

WHEREFORE, Plaintiff, Delia Reynolds, demands judgment in her favor and against Defendant, Advanced Business Process, Inc., either individually and/or jointly and severally, for the aforesaid damage which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT III
## Delia Reynolds v. Empire Cargo Solutions, Inc.

37.   Paragraphs 1 through 36 hereof are incorporated herein by reference as if fully set forth.

38.   At all times relevant hereto, Defendant, Abdala Ali, was an employee, servant, workman and/or agent of Defendant, Empire Cargo Solutions, Inc., and was acting within the scope of his employment with Defendant, Empire Cargo Solutions, Inc. Defendant, Empire Cargo Solutions, Inc., either individually and/or

jointly and severally, is therefore vicariously liable for his acts, commissions or omissions as though it performed the acts, commissions or omissions itself and is subject to the doctrine of respondeat superior.

39.     In addition to being vicariously liable for the acts of its employee, servant, workman and/or agent, Defendant, Empire Cargo Solutions, Inc., either individually and/or jointly and severally, was also negligent and careless as follows:

a.     Failing to properly train its employees, servants, workmen and/or agents in the operation of its vehicles;

b.     Failing to provide its employees, servants, workmen and/or agents with proper directions before allowing them to operate its vehicles;

c.     Failing to ensure that its employees, servants, workmen and/or agents are familiar with the roadways and route of travel before allowing them to operate its vehicles;

d.     Failing to properly supervise or control its employees, servants, workmen and/or agents while they are operating its vehicles;

e.     Hiring and/or retaining employees, servants, workmen and/or agents who may be unfit or incompetent to operate its vehicles;

f.     Failing to have in place proper procedures, rules, regulations, protocols or safety measures to ensure that other motorists are not endangered by the operation of its vehicles by its employees, servants, workmen and/or agents;

g.     Sending out its employee, servant, workman and/or agent for an errand or job without proper instructions, directions and guidance;

h.   Failing to take proper precautions to protect Plaintiff and other lawful users of the roadway from the negligent and careless actions of its employees, servants, workmen and/or agents;

i.   Allowing an employee, servant, workman and/or agent who is incompetent to safely drive its vehicle, due to lack of training, licensing and/or prior unsafe driving;

j.   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while texting in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.80;

k.   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a hand-held mobile telephone in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.82;

l.   Allowing an employee, servant, workman and/or agent to text while driving in violation of 75 Pa. C.S.A. §1621 and applicable law;

m.   Failing to enforce its employee manuals and/or training procedures;

n.   Failing to enforce both the written and unwritten policies of Empire Cargo Solutions, Inc.;

o.   Failing to ensure that its employees, servants, workmen, agents and/or contractors were aware of and complied with the written and unwritten policies of Empire Cargo Solutions, Inc.;

p.   Failing to ensure that its management personnel and drivers were aware of the requirements and the dictates of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

q.   Failing to ensure that its employees, servants, workmen, agents and/or contractors complied with the provisions of the Federal

Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

r. Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a handheld mobile telephone in violation of 75 Pa. C.S.A. §1622 and applicable law;

s. Failing to use a high degree of care as a commercial carrier in the operation of its vehicle;

t. Failing to have an adequate brake system on the tractor-trailer in violation of 49 CFR §393.40;

u. Violating equipment standards in violation of 75 Pa. C.S.A. §4107 and applicable law; and

v. Failing to properly maintain and inspect the tractor-trailer to ensure it was in safe operating condition in violation of 49 CFR §396.3 and §396.13.

40. As a result of the aforesaid negligence and carelessness of Defendant, Empire Cargo Solutions, Inc., either individually and/or jointly and severally, Plaintiff, Delia Reynolds, sustained the aforesaid damages.

WHEREFORE, Plaintiff, Delia Reynolds, demands judgment in her favor and against Defendant, Empire Cargo Solutions, Inc., either individually and/or jointly and severally, for the aforesaid damage which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT IV
## Delia Reynolds v. Empire Cargo Logistics, Inc.

41.    Paragraphs 1 through 40 hereof are incorporated herein by reference as if fully set forth.

42.    At all times relevant hereto, Defendant, Abdala Ali, was an employee, servant, workman and/or agent of Defendant, Empire Cargo Logistics, Inc., and was acting within the scope of his employment with Defendant, Empire Cargo Logistics, Inc. Defendant, Empire Cargo Logistics, Inc., either individually and/or jointly and severally, is therefore vicariously liable for his acts, commissions or omissions as though it performed the acts, commissions or omissions itself and is subject to the doctrine of respondeat superior.

43.    In addition to being vicariously liable for the acts of its employee, servant, workman and/or agent, Defendant, Empire Cargo Logistics, Inc., either individually and/or jointly and severally, was also negligent and careless as follows:

    a.    Failing to properly train its employees, servants, workmen and/or agents in the operation of its vehicles;

    b.    Failing to provide its employees, servants, workmen and/or agents with proper directions before allowing them to operate its vehicles;

    c.    Failing to ensure that its employees, servants, workmen and/or agents are familiar with the roadways and route of travel before allowing them to operate its vehicles;

d.   Failing to properly supervise or control its employees, servants, workmen and/or agents while they are operating its vehicles;

e.   Hiring and/or retaining employees, servants, workmen and/or agents who may be unfit or incompetent to operate its vehicles;

f.   Failing to have in place proper procedures, rules, regulations, protocols or safety measures to ensure that other motorists are not endangered by the operation of its vehicles by its employees, servants, workmen and/or agents;

g.   Sending out its employee, servant, workman and/or agent for an errand or job without proper instructions, directions and guidance;

h.   Failing to take proper precautions to protect Plaintiff and other lawful users of the roadway from the negligent and careless actions of its employees, servants, workmen and/or agents;

i.   Allowing an employee, servant, workman and/or agent who is incompetent to safely drive its vehicle, due to lack of training, licensing and/or prior unsafe driving;

j.   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while texting in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.80;

k.   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a hand-held mobile telephone in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.82;

l.   Allowing an employee, servant, workman and/or agent to text while driving in violation of 75 Pa. C.S.A. §1621 and applicable law;

m.   Failing to enforce its employee manuals and/or training procedures;

n.    Failing to enforce both the written and unwritten policies of Empire Cargo Logistics, Inc.;

o.    Failing to ensure that its employees, servants, workmen, agents and/or contractors were aware of and complied with the written and unwritten policies of Empire Cargo Logistics, Inc.;

p.    Failing to ensure that its management personnel and drivers were aware of the requirements and the dictates of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

q.    Failing to ensure that its employees, servants, workmen, agents and/or contractors complied with the provisions of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

r.    Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a handheld mobile telephone in violation of 75 Pa. C.S.A. §1622 and applicable law;

s.    Failing to use a high degree of care as a commercial carrier in the operation of its vehicle;

t.    Failing to have an adequate brake system on the tractor-trailer in violation of 49 CFR §393.40;

u.    Violating equipment standards in violation of 75 Pa. C.S.A. §4107 and applicable law; and

v.    Failing to properly maintain and inspect the tractor-trailer to ensure it was in safe operating condition in violation of 49 CFR §396.3 and §396.13.

44.     As a result of the aforesaid negligence and carelessness of Defendant, Empire Cargo Logistics, Inc., either individually and/or jointly and severally, Plaintiff, Delia Reynolds, sustained the aforesaid damages.

WHEREFORE, Plaintiff, Delia Reynolds, demands judgment in her favor and against Defendant, Empire Cargo Logistics, Inc., either individually and/or jointly and severally, for the aforesaid damage which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

### COUNT V
### Delia Reynolds v. Ahammad Akbar Khan,
### individually and d/b/a Empire Cargo Solutions, Inc.

45.     Paragraphs 1 through 44 hereof are incorporated herein by reference as if fully set forth.

46.     At all times relevant hereto, Defendant, Abdala Ali, was an employee, servant, workman and/or agent of Defendant, Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Solutions, Inc., and was acting within the scope of his employment with Defendant, Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Solutions, Inc. Defendant, Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Solutions, Inc., either individually and/or jointly and severally, is therefore vicariously liable for his acts, commissions or omissions as though it

performed the acts, commissions or omissions itself and is subject to the doctrine of respondeat superior.

47.    In addition to being vicariously liable for the acts of its employee, servant, workman and/or agent, Defendant, Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Solutions, Inc., either individually and/or jointly and severally, was also negligent and careless as follows:

a.    Failing to properly train its employees, servants, workmen and/or agents in the operation of its vehicles;

b.    Failing to provide its employees, servants, workmen and/or agents with proper directions before allowing them to operate its vehicles;

c.    Failing to ensure that its employees, servants, workmen and/or agents are familiar with the roadways and route of travel before allowing them to operate its vehicles;

d.    Failing to properly supervise or control its employees, servants, workmen and/or agents while they are operating its vehicles;

e.    Hiring and/or retaining employees, servants, workmen and/or agents who may be unfit or incompetent to operate its vehicles;

f.    Failing to have in place proper procedures, rules, regulations, protocols or safety measures to ensure that other motorists are not endangered by the operation of its vehicles by its employees, servants, workmen and/or agents;

g.    Sending out its employee, servant, workman and/or agent for an errand or job without proper instructions, directions and guidance;

h.   Failing to take proper precautions to protect Plaintiff and other lawful users of the roadway from the negligent and careless actions of its employees, servants, workmen and/or agents;

i.   Allowing an employee, servant, workman and/or agent who is incompetent to safely drive its vehicle, due to lack of training, licensing and/or prior unsafe driving;

j.   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while texting in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.80;

k.   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a hand-held mobile telephone in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.82;

l.   Allowing an employee, servant, workman and/or agent to text while driving in violation of 75 Pa. C.S.A. §1621 and applicable law;

m.   Failing to enforce its employee manuals and/or training procedures;

n.   Failing to enforce both the written and unwritten policies of Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Solutions, Inc.;

o.   Failing to ensure that its employees, servants, workmen, agents and/or contractors were aware of and complied with the written and unwritten policies of Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Solutions, Inc.;

p.   Failing to ensure that its management personnel and drivers were aware of the requirements and the dictates of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

q.   Failing to ensure that its employees, servants, workmen, agents and/or contractors complied with the provisions of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

r.   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a handheld mobile telephone in violation of 75 Pa. C.S.A. §1622 and applicable law;

s.   Failing to use a high degree of care as a commercial carrier in the operation of its vehicle;

t.   Failing to have an adequate brake system on the tractor-trailer in violation of 49 CFR §393.40;

u.   Violating equipment standards in violation of 75 Pa. C.S.A. §4107 and applicable law; and

v.   Failing to properly maintain and inspect the tractor-trailer to ensure it was in safe operating condition in violation of 49 CFR §396.3 and §396.13.

48.   As a result of the aforesaid negligence and carelessness of Defendant, Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Solutions, Inc., either individually and/or jointly and severally, Plaintiff, Delia Reynolds, sustained the aforesaid damages.

WHEREFORE, Plaintiff, Delia Reynolds, demands judgment in her favor and against Defendant, Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Solutions, Inc., either individually and/or jointly and severally, for the aforesaid damage which exceeds Seventy-Five Thousand Dollars ($75,000.00),

exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT VI
### Delia Reynolds v. Ahammad Akbar Khan,
### individually and d/b/a Empire Cargo Logistics, Inc.

49.     Paragraphs 1 through 48 hereof are incorporated herein by reference as if fully set forth.

50.     At all times relevant hereto, Defendant, Abdala Ali, was an employee, servant, workman and/or agent of Defendant, Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Logistics, Inc., and was acting within the scope of his employment with Defendant, Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Logistics, Inc.  Defendant, Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Logistics, Inc., either individually and/or jointly and severally, is therefore vicariously liable for his acts, commissions or omissions as though it performed the acts, commissions or omissions itself and is subject to the doctrine of respondeat superior.

51.     In addition to being vicariously liable for the acts of its employee, servant, workman and/or agent, Defendant, Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Logistics, Inc., either individually and/or jointly and severally, was also negligent and careless as follows:

a.    Failing to properly train its employees, servants, workmen and/or agents in the operation of its vehicles;

b.    Failing to provide its employees, servants, workmen and/or agents with proper directions before allowing them to operate its vehicles;

c.    Failing to ensure that its employees, servants, workmen and/or agents are familiar with the roadways and route of travel before allowing them to operate its vehicles;

d.    Failing to properly supervise or control its employees, servants, workmen and/or agents while they are operating its vehicles;

e.    Hiring and/or retaining employees, servants, workmen and/or agents who may be unfit or incompetent to operate its vehicles;

f.    Failing to have in place proper procedures, rules, regulations, protocols or safety measures to ensure that other motorists are not endangered by the operation of its vehicles by its employees, servants, workmen and/or agents;

g.    Sending out its employee, servant, workman and/or agent for an errand or job without proper instructions, directions and guidance;

h.    Failing to take proper precautions to protect Plaintiff and other lawful users of the roadway from the negligent and careless actions of its employees, servants, workmen and/or agents;

i.    Allowing an employee, servant, workman and/or agent who is incompetent to safely drive its vehicle, due to lack of training, licensing and/or prior unsafe driving;

j.    Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while texting in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.80;

k. Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a hand-held mobile telephone in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.82;

l. Allowing an employee, servant, workman and/or agent to text while driving in violation of 75 Pa. C.S.A. §1621 and applicable law;

m. Failing to enforce its employee manuals and/or training procedures;

n. Failing to enforce both the written and unwritten policies of Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Logistics, Inc.;

o. Failing to ensure that its employees, servants, workmen, agents and/or contractors were aware of and complied with the written and unwritten policies of Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Logistics, Inc.;

p. Failing to ensure that its management personnel and drivers were aware of the requirements and the dictates of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

q. Failing to ensure that its employees, servants, workmen, agents and/or contractors complied with the provisions of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

r. Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a handheld mobile telephone in violation of 75 Pa. C.S.A. §1622 and applicable law;

s. Failing to use a high degree of care as a commercial carrier in the operation of its vehicle;

t.    Failing to have an adequate brake system on the tractor-trailer in violation of 49 CFR §393.40;

u.    Violating equipment standards in violation of 75 Pa. C.S.A. §4107 and applicable law; and

v.    Failing to properly maintain and inspect the tractor-trailer to ensure it was in safe operating condition in violation of 49 CFR §396.3 and §396.13.

52.    As a result of the aforesaid negligence and carelessness of Defendant, Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Logistics, Inc., either individually and/or jointly and severally, Plaintiff, Delia Reynolds, sustained the aforesaid damages.

WHEREFORE, Plaintiff, Delia Reynolds, demands judgment in her favor and against Defendant, Ahammad Akbar Kahn, individually and d/b/a Empire Cargo Logistics, Inc., either individually and/or jointly and severally, for the aforesaid damage which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT VII
## Delia Reynolds v. Henry E. Rivera a/k/a
## Henry E. Rivera Abril, individually and d/b/a Velocity Transportation

53.     Paragraphs 1 through 52 hereof are incorporated herein by reference as if fully set forth.

54.     At all times relevant hereto, Defendant, Abdala Ali, was an employee, servant, workman and/or agent of Defendant, Henry E. Rivera a/k/a Henry E. Rivera Abril, individually and d/b/a Velocity Transportation, and was acting within the scope of his employment with Defendant, Henry E. Rivera a/k/a Henry E. Rivera Abril, individually and d/b/a Velocity Transportation.    Defendant, Defendant, Henry E. Rivera a/k/a Henry E. Rivera Abril, individually and d/b/a Velocity Transportation, either individually and/or jointly and severally, is therefore vicariously liable for his acts, commissions or omissions as though it performed the acts, commissions or omissions itself and is subject to the doctrine of respondeat superior.

55.     In addition to being vicariously liable for the acts of its employee, servant, workman and/or agent, Defendant, Defendant, Henry E. Rivera a/k/a Henry E. Rivera Abril, individually and d/b/a Velocity Transportation, either individually and/or jointly and severally, was also negligent and careless as follows:

      a.     Failing to properly train its employees, servants, workmen and/or agents in the operation of its vehicles;

b.   Failing to provide its employees, servants, workmen and/or agents with proper directions before allowing them to operate its vehicles;

c.   Failing to ensure that its employees, servants, workmen and/or agents are familiar with the roadways and route of travel before allowing them to operate its vehicles;

d.   Failing to properly supervise or control its employees, servants, workmen and/or agents while they are operating its vehicles;

e.   Hiring and/or retaining employees, servants, workmen and/or agents who may be unfit or incompetent to operate its vehicles;

f.   Failing to have in place proper procedures, rules, regulations, protocols or safety measures to ensure that other motorists are not endangered by the operation of its vehicles by its employees, servants, workmen and/or agents;

g.   Sending out its employee, servant, workman and/or agent for an errand or job without proper instructions, directions and guidance;

h.   Failing to take proper precautions to protect Plaintiff and other lawful users of the roadway from the negligent and careless actions of its employees, servants, workmen and/or agents;

i.   Allowing an employee, servant, workman and/or agent who is incompetent to safely drive its vehicle, due to lack of training, licensing and/or prior unsafe driving;

j.   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while texting in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.80;

k.   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a hand-held mobile telephone in violation of Part 392 of the U.S.

Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.82;

l.    Allowing an employee, servant, workman and/or agent to text while driving in violation of 75 Pa. C.S.A. §1621 and applicable law;

m.    Failing to enforce its employee manuals and/or training procedures;

n.    Failing to enforce both the written and unwritten policies of Henry E. Rivera a/k/a Henry E. Rivera Abril, individually and d/b/a Velocity Transportation;

o.    Failing to ensure that its employees, servants, workmen, agents and/or contractors were aware of and complied with the written and unwritten policies of Henry E. Rivera a/k/a Henry E. Rivera Abril, individually and d/b/a Velocity Transportation;

p.    Failing to ensure that its management personnel and drivers were aware of the requirements and the dictates of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

q.    Failing to ensure that its employees, servants, workmen, agents and/or contractors complied with the provisions of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

r.    Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a handheld mobile telephone in violation of 75 Pa. C.S.A. §1622 and applicable law;

s.    Failing to use a high degree of care as a commercial carrier in the operation of its vehicle;

t.    Failing to have an adequate brake system on the tractor-trailer in violation of 49 CFR §393.40;

u.   Violating equipment standards in violation of 75 Pa. C.S.A. §4107 and applicable law;

v.   Failing to properly maintain and inspect the tractor-trailer to ensure it was in safe operating condition in violation of 49 CFR §396.3 and §396.13;

w.   Failing to properly secure the cargo load in violation of 75 Pa. C.S.A. §4903 and applicable law; and

x.   Failing to properly inspect the cargo, cargo securement devices and systems in violation of 49 CFR §392.9.

56.   As a result of the aforesaid negligence and carelessness of Defendant, Defendant, Henry E. Rivera a/k/a Henry E. Rivera Abril, individually and d/b/a Velocity Transportation, either individually and/or jointly and severally, Plaintiff, Delia Reynolds, sustained the aforesaid damages.

WHEREFORE, Plaintiff, Delia Reynolds, demands judgment in her favor and against Defendant, Henry E. Rivera a/k/a Henry E. Rivera Abril, individually and d/b/a Velocity Transportation, either individually and/or jointly and severally, for the aforesaid damage which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.


By: _____
Clark DeVere, Esquire
Attorney I.D. No. 68768
Zachary D. Campbell, Esquire
Attorney I.D. No. 93177
2321 Paxton Church Road
P.O. Box 69200
Harrisburg, PA 17106-9200
(717) 238-8187
(717) 234-9478 (fax)
zdc@mwke.com
Dated: 3/01/17                    Attorneys for Plaintiff

## <u>UNSWORN DECLARATION UNDER PENALTY OF PERJURY</u>

I, Zachary D. Campbell, Esquire, hereby declare that I am the attorney for the Plaintiff and that the facts in the foregoing Complaint, are true and correct to the best of my knowledge, information, and belief.  I, Zachary D. Campbell, Esquire, further declare under the penalty of perjury that the foregoing is true and correct.

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

By: _____
      Clark DeVere, Esquire
      Attorney I.D. No. 68768
      Zachary D. Campbell, Esquire
      Attorney I.D. No. 93177
      2321 Paxton Church Road
      P.O. Box 69200
      Harrisburg, PA 17106-9200
      (717) 238-8187
      (717) 234-9478 (fax)
      zdc@mwke.com
      Attorneys for Plaintiff

Dated: 3\1\17